IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH KNIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19cv901-WHA |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Kenneth Knight ("Knight"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on November 14, 2019.[1]  Doc. # 1.  Knight challenges the validity of his conviction and sentence for conspiracy to defraud the United States, entered by the United States District Court for the Eastern District of Louisiana.[2]  He claims that the Eastern District of Louisiana lacked "federal judicial powers [under] Article III, [and,] therefor[e], any judgment entered was without federal authority."  Doc. # 1 at 1.  Knight also alleges the Eastern District of

---

[1] Although Knight's petition was date-stamped as received by this court on November 18, 2019, under the "prison mailbox rule" the petition is deemed to be filed on the date Knight delivered it to prison authorities for mailing, presumptively November 14, 2019, the day Knight represents that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] A review of the docket from Knight's criminal case from the Eastern District of Louisiana indicates that Knight pled guilty in January 2017 to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.  *United States v. Knight*, 2:15cr138-BWA-DMD-2.  In February 2019, the district court sentenced Knight to 60 months in prison.  *Id.*

Louisiana "failed to have and hold subject matter jurisdiction, as there was no injury or attack against the 'United States [or] one of its agencies' as outlined in 18 U.S.C. § 371[.]" *Id.* at 2. Thus, Knight maintains that his current incarceration is based on a void judgment of conviction entered by the Eastern District of Louisiana.[3] *Id.* at 2–3.

For the reasons that follow, the undersigned finds this case should be transferred to the United States District Court for the Eastern District of Louisiana, the court that entered Knight's conviction and sentence.

## II.   DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although brought as a petition under 28 U.S.C. § 2241, this court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition

---

[3] This is the second such civil action filed in this court by Knight as a habeas petition in which he challenges the jurisdiction of the United States District Court for the Eastern District of Louisiana to try his criminal case. *See Knight v. United States America*, Civil Action No. 2:19cv547-MHT-CSC (M.D. Ala. Sep. 20, 2019). In the prior civil action (and due to the claims presented by Knight challenging the trial court's jurisdiction), this court construed the habeas petition as a motion for relief under 28 U.S.C. § 2255—which this court does likewise in the instant civil action.

challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly brought under § 2241 must be filed in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

> In contrast, 28 U.S.C. § 2255(a) states:
>
> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Knight's self-described § 2241 habeas petition challenges the legality of his conviction and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his convictions or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

3

Knight's claims challenging his conviction and sentence fall squarely within the realm of injuries that § 2255 addresses. When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Thus, regardless of the label Knight places on his pleadings, his petition challenging his conviction and sentence must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[4]

Section 2255 remains Knight's exclusive remedy to bring his challenge to his conviction and sentence. Because he challenges a judgment entered in the Eastern District of Louisiana, any jurisdiction to consider his § 2255 motion lies only with the Eastern District of Louisiana. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging a conviction entered by the court for the Eastern District of Louisiana.

---

[4] In an order entered on November 11, 2019 (Doc. # 2), this court informed Knight that the claims in his self-styled habeas petition were properly presented in a 28 U.S.C. § 2255 motion. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Knight of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. This court's "Castro Order" also advised Knight that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Knight failed to file a response complying with the Castro Order's directives, but instead filed an objection in which he continued to insist he is entitled to pursue this action in this court under 28 U.S.C. § 2241. *See* Doc. # 3.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Knight is proceeding *pro se*, this court finds it is in the interest of justice that this action be transferred to the United States District Court for the Eastern District of Louisiana.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 26, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of December, 2019.

       /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE